IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:15-cr-90 |
| v. | ) | Case No. 3:22-cv-181 |
| | ) | |
| Michael Adefemi Adeyemo, a/k/a | ) | **ATTORNEY RONALD K. HETTICH'S** |
| Adekunle Olufemi Adetiloye, | ) | **RESPONSE TO UPDATED MOTION** |
| | ) | **TO COMPEL** |
| Defendant. | ) | |

Counsel for Adeyemo, Dane DeKrey, has filed an "updated" motion to compel the disclosure of Attorney Ronald K. Hettich's ("Counsel's") personal and confidential information. (Doc. #275). Mr. DeKrey's motion should be denied, his request for a hearing should be denied, and the Court's prior order compelling discovery should be vacated.

### 1. Mr. DeKrey has waived or forfeited his right to invent new arguments to support his motion and has failed to provide any authority discrediting Counsel's objections.

In his updated motion, despite being in possession of Counsel's detailed and specific objections and legal principles showing his motion lacks merit, Mr. DeKrey provides not a single response discrediting the merits of these objections. Nor a response to the flaws asserted by Counsel in the district court's prior order that was entered without affording Counsel an opportunity to be heard. The only response Mr. DeKrey makes in his updated motion is that he made a good faith effort to confer with the United States before filing his motion—in other words, he

talked to lawyers who do not represent Counsel nor whose information is being sought. This consultation does not change the fact that his motion lacks merit and lacked merit the day it was first filed, but Counsel was never provided an opportunity to be heard at that time.

Mr. DeKrey's silence on the merits in his most recent filing is telling. When he was facing no real opposition, Mr. DeKrey elected not to "lie in the weeds" and purportedly wanted to give Counsel an opportunity to clear his name. (Doc. #247). Now confronted with an adversary, Mr. DeKrey seeks to defer and "lie in the weeds" and apparently present the reasons his motion still has merit at a hearing. Discovery and hearings aim to ensure an "ambush" does not take place. See Cedar Hills Hardware & Constr. Supply, Inc. v. Ins. Corp. of Hannover, 563 F.3d 329, 345 (8th Cir. 2009). Mr. DeKrey's complete failure to respond to Counsel's claims and arguments constitutes a waiver or forfeiture of his right to do so, and is nothing more than an attempt to ambush and buy time to invent a new theory later. See United States v. Olano, 507 U.S. 725, 734 (1993) (explaining forfeiture "is the failure to make the timely assertion of a right" while waiver "is the 'intentional relinquishment or abandonment of a known right,'" quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)). Since Mr. DeKrey's updated motion is what is pending before the Court and it offers no factual or legal bases warranting the relief he seeks, his motion should be denied in its entirely.

**2.    There is nothing left to discover.**

The lack of any substance in Mr. DeKrey's one-and-a-half-page motion demonstrates he lacks a factual basis for his motion, he lacks a legal basis for his motion, and he lacks a good faith basis for bringing the motion. Beginning with the most basic flaw in Mr. DeKrey's updated motion, he purportedly sought the requested information to allow Counsel to prove he was in Grand Forks on June 6, 2018, or other dates. (Doc. #247). How it came to be that putting Counsel's cell phone location data, credit card receipts, and bank and credit card statements in the hands of Mr. DeKrey fulfills this objective is puzzling. It doesn't allow Counsel the chance to prove anything. Rather, it allows Mr. DeKrey the chance to unjustly dig into Counsel's personal information to satisfy his own interests. And, even worse yet, it puts Counsel's and his wife's personal financial information in the hands of a person with an indisputable lengthy history of committing identify fraud and stealing millions of dollars. A data breach would be less risky to Counsel's personal financial information than having it released to Adeyemo. Nevertheless, without an adversary to highlight the flaws in the motion—both legal and factual— Mr. DeKrey managed to convince the Court that the relief he sought was appropriate.

Since the order was entered, Counsel has emailed and filed in the CM/ECF system an affidavit in which he clearly and unequivocally states that no such documentation exists. (Doc. #274). He made no purchase in Grand Forks during the time he represented Adeyemo. There is nothing to discover from the records.

3

Counsel has conceded he has no receipt or financial record to "prove" he was in Grand Forks. He has other evidence showing he was in Grand Forks, but not the specific evidence to satisfy Adeyemo or Mr. DeKrey. Armed with this information, Mr. DeKrey chose not to present any alternative basis in his motion to justify his continued desire to dig into Counsel's and his wife's personal financial records. Mr. DeKrey has crossed the line of zealous advocacy based on good faith arguments that are supported by caselaw or developments in existing law and moved to a place where he believes he is immune from following the rules and can use his attorney's license to harass Counsel and persistently seek information that he has been explicitly told does not exist. His motion should be denied.

### 3.     It is time to impose a sanction for Mr. DeKrey's repeated filing of frivolous motions in violation of the rules of professional conduct.

On April 30, 2025, Mr. DeKrey was specifically reminded by the United States of his ethical and professional obligation to not bring or defend a proceeding or assert or controvert an issue unless there is a basis in law and fact for doing so that is not frivolous. (Doc. #270, p. 6-7). The United States admonished Mr. DeKrey about the frivolous nature of his motion. Mr. DeKrey suffered no consequence, as the Court allowed him to withdraw the motion.

On May 8, 2025, at 11:55 am, Counsel emailed chambers and counsel-of-record regarding his motion for expedited review and objections to providing his personal financial information. The motion and supplemental affidavit were attached to the email. As a non-party, once Counsel was given access by the

4

Clerk's Office to file the documents, Counsel filed the motion for expedited review and objections at 1:32 pm on May 8 in the CM/ECF system. Mr. DeKrey filed his updated motion to compel, which was essentially the same motion that he filed in the first place, at 1:49 PM on May 8. The very best case scenario for Mr. DeKrey, giving him the benefit of reading Counsel's email immediately upon receipt and given that he was never interrupted, he spent **less than two hours** reading Counsel's objections, considering what has changed since he first filed his motion to compel, and assessing whether he continued to have a good faith basis to file the updated motion to obtain Counsel's highly sensitive and personal information. It is plain Mr. DeKrey was not deterred for one minute despite the United States having previously admonished Mr. DeKrey for filing a frivolous motion because he turned around and did it again essentially filing the exact same document. Mr. DeKrey continues to engage in conduct that runs afoul of the rules of professional conduct.

Even setting aside any possible legal question on the propriety of the discovery request, which could only be in Mr. DeKrey's mind since it was never put on paper when he filed his updated motion, it was plain to Mr. DeKrey through Counsel's affidavit (Doc. #274), if it wasn't before then, that there is no factual basis for the discovery requested. Despite the prior reminder to comply with the rules of professional conduct, Mr. DeKrey renewed his motion to compel, citing not a single reason that he continues to have a meritorious factual or legal basis to obtain Counsel's financial records. The inescapable conclusion is that Mr. DeKrey acts

as he wants, abuses the power given to lawyers, and continues to ignore the rules implemented to avoid this behavior.

Being unable to follow the rules on his own and as reminders have proven insufficient, there is no way to deter Mr. DeKrey's continued misconduct absent a sanction. Given the record that has been developed, the Court would be well within its inherent authority to sanction Mr. DeKrey for filing a motion for a second time that is frivolous. It is time to end Mr. DeKrey's pattern of filling frivolous motions to further his mission of utilizing his authority as a lawyer to harass Counsel and gain access to personal information that neither he nor the United States has a right to access. And given the (lack of) information and effort Mr. DeKrey elected to undertake to support his updated motion, he hasn't even done enough to show a hearing is warranted. His motion to compel should be in all things denied, and the court's prior order granting discovery should be vacated as improvidently granted. The Court should also sanction Mr. DeKrey in the amount of $1,500.00 in attorney's fees awarded to Counsel for forcing him to address his frivolous motion.

4.    **The Court's order and process for approving the subpoena have far reaching and significant consequences that go beyond this case.**

At the outset, it goes without saying that no criminal defense lawyer believes his personal financial records will be subject to discovery in a § 2255 proceeding where the lawyer has purportedly failed to convey a plea offer or "guaranteed" an acquittal. The order granting discovery in this case is unprecedented. This is an issue of such extraordinary magnitude that review in the Eighth Circuit by way of

a writ of mandamus seems appropriate if the Court's order allowing discovery stands.  See Fed. R. App. P. 21.  In addition, the lawyers on the CJA panel ought to be made aware and given notice so they can make an informed decision on whether to continue to accept appointments, knowing they may be compelled to disclose personal information that is immaterial to claims being brought in § 2255 proceedings.

By the very nature of the motion to compel, the Court was put on notice that Counsel was unwilling to voluntarily turn over the information being requested by Mr. DeKrey.  If he was willing to do so, there would have been no need for a motion. The Court knew, and acknowledged in October 2023, that Counsel was not a party to the case.  (Doc. #224, at 20).  The Court was aware that Counsel is no longer an attorney of record in the case and was not represented by the United States Attorney's Office.  Counsel is merely a witness.  But a witness who is a lawyer who regularly appears before the Court and was contesting the release and disclosure of his personal information.  Counsel's contact information is readily accessible by the Court, by Mr. DeKrey, and by the United States Attorney's Office.  Yet, Counsel was not given notice of the filings, was not provided a copy of the filings, and was not invited to join the discussion that had to do with releasing his personal information.

Despite all of these circumstances, at no time was Counsel afforded an opportunity to be heard on why he was refusing to provide this information. Counsel was never told that a subpoena for his cell phone records had been

approved by the Court, let alone issued.  Counsel was not consulted about the final terms of the subpoena or the release or dissemination of his cell phone records.  To this day, Counsel has never received a copy of the subpoena, or any document(s) provided in response to the subpoena.  If Counsel had even mentioned in conversation where he banked or what credit cards he holds, his personal financial information, as well as his wife's, would have already been subpoenaed and would already be in the hands of multiple people, without any opportunity to be heard, to advocate for limitations on the disclosure or dissemination of his own personal information, or the chance to explain the grounds for his refusal to comply.  Counsel was deprived of the opportunity to participate in any meaningful way in judicial proceedings in which his personal information was at stake.

The Court orders what it orders and lawyers comply with orders all the time that they are unhappy with, but this particular sequence of events where there was no opportunity for Counsel to be heard on the release and dissemination of his personal and confidential records causes a reasonable person to question the integrity and fairness of the process that took place in this situation.  One of the fundamental principles of our justice system is to follow the rules and procedures that are in place to safeguard the rights of individuals.  That did not happen here.

The Court should vacate its prior order granting discovery to Adeyemo.

### 5.     Conclusion

For the forgoing reasons in addition to the reasons presented by Counsel in his motion and affidavit filed at Doc. #274, Counsel asks the Court to deny Mr. DeKrey's motion to compel, deny his request for a hearing, and vacate its prior order compelling discovery.  Additionally, the Court should impose a sanction of attorney's fee in the amount of $1,500.00 against Mr. DeKrey for bringing yet another frivolous motion before the Court.

Dated this 9th day of May, 2025.

/s/ Ronald K. Hettich
Ronald K. Hettich – ND ID 06035
112 University Drive N
Suite 323
Fargo, ND 58102
(701) 356-6471
ron@hettichlaw.com