IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:15-cr-90 |
| v. ) | Case No. 3:22-cv-181 |
| ) | |
| Michael Adefemi Adeyemo, a/k/a ) | **ATTORNEY RONALD K. HETTICH'S** |
| Adekunle Olufemi Adetiloye, ) | **RESPONSE TO REQUEST TO** |
| ) | **STIPULATE** |
| Defendant. ) | |

Counsel for Adeyemo, Dane DeKrey, has filed a reply in which Mr. DeKrey proposes one way to resolve the dispute is via stipulation regarding Attorney Ronald K. Hettich's ("Counsel's") personal financial information. (Doc. #279). Mr. DeKrey proposes another alternative as well involving *in camera* review of Counsel's personal financial information. None of Mr. DeKrey's proposals address the challenges that Counsel has brought with regard to the merits of the motion to compel Counsel's personal financial information or Mr. DeKrey's conduct. Counsel is unwilling to sign such a stipulation and will await the Court's decisions on the merits of the claims pending before it.

There are three primary reasons an order on the merits is necessary:

(1)     Neither a stipulation nor *in camera* review will address Counsel's concerns that the order compelling discovery is essentially unreasoned and given its unprecedented nature and its implications, not only in this case but in future ineffective assistance of counsel claims, attorneys should be adequately advised about the legal and

1

factual bases requiring the disclosure of their personal information in habeas proceedings.

(2)   There is an outstanding issue that a stipulation or *in camera* review will not resolve, which is whether Mr. DeKrey knowingly misrepresented the holding of Missouri v. Frye, 566 U.S. 134 (2012), in his motion to compel, which created a false narrative upon which the Court may have based its decision to compel discovery (Doc. #274, at pp. 7-9). Mr. DeKrey has failed to respond to this asserted ethical violation in any of his filings since being put on notice of the claim.

(3)   There is another outstanding issue that neither a stipulation nor *in camera* review will address, which is whether Mr. DeKrey, although being reminded of his obligation to not pursue frivolous claims, filed a motion without having a good faith basis for continuing to pursue the relief he sought.  Counsel has sought sanctions for the violations of the rules of professional conduct, and an award of attorney's fees  (Doc. #278). Despite being put on notice of the claims, Mr. DeKrey did not respond to the assertions in his most recent filing.

As to the pending substantive issues before the Court, Counsel is prepared to testify about the known record-keeping issues at the Grand Forks County Jail, when he visited Adeyemo while he was held in custody, and what they discussed during those visits.  Counsel has highlighted several times now that he has no obligation to "prove" anything as a witness in a § 2255 proceeding, and Mr. DeKrey has pointed to no authority to the contrary.  Mr. DeKrey is free to try to impeach Counsel's testimony about where he was on certain dates with information that he has in his possession as well as the absence of corroborating information.  Mr. DeKrey has offered no reason as to why this method,

which is employed by lawyers every day in courtrooms across the country, would be insufficient in this case.

For these reasons, Counsel declines Mr. DeKrey's proposal to resolve this dispute by way of a joint stipulation or *in camera* review of his personal financial documents that do not address whether Counsel discussed a plea offer with Adeyemo. Counsel asks the Court to proceed to the merits of the pending motions and afford the following relief – grant Counsel's motion for expedited review, vacate the Court's order compelling discovery, deny Mr. DeKrey's updated motion to compel, deny Mr. DeKrey's request for a hearing, and grant Counsel's request for sanctions including an award of attorney's fees in the amount of $1,500.00 against Mr. DeKrey and in favor of Mr. Hettich.

Dated this 12th day of May, 2025.

/s/ Ronald K. Hettich
Ronald K. Hettich – ND ID 06035
112 University Drive N
Suite 323
Fargo, ND 58102
(701) 356-6471
ron@hettichlaw.com