UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

Case No. 3:15-cr-90
Related Case No. 3:22-cv-181

| | |
|---|---|
| United States of America, | |
| Plaintiff, | **MOTION TO** |
| vs. | **AMEND ORDER** |
| **Michael Adefemi Adeyemo**, | |
| Defendant. | |

On November 8, 2024, Michael Adeyemo moved to require Ronald Hettich to produce certain evidence, including: 1) Hettich's cell phone location data from certain dates, and 2) Hettich's credit card receipts from the same dates.[1] On December 23rd, the government responded and asked the Court to deny the motion.[2] On March 5, 2025, the Court granted the motion and ordered subpoenas duces tecum to be served on the following entities: 1) "the phone company/companies Mr. Hettich received cellular service from during the relevant time period; and" 2) the credit card company/companies and financial institution(s) Mr. Hettich used during the relevant

---

[1] Doc. 247 at 8–9.

[2] Doc. 257 at 7.

time period."³ When Hettich refused to comply with the Court's order, Adeyemo moved to compel his compliance.⁴ Before the Court ruled on the motion, Hettich formally objected to producing either his financial or cell phone records by filing a motion for expedited review of the Court's order on the motion to compel and also a motion for sanctions against Adeyemo's counsel.⁵ After holding a hearing on the matter, the Court on August 19th denied Hettich's motions and granted Adeyemo's motion to compel Hettich's compliance with the Court's earlier discovery order.⁶

Against this backdrop, Adeyemo asks the Court to amend its August 19th order to require Hettich to take the same steps regarding obtaining his cell phone records that the Court has required him to take to obtain his financial records.⁷ The reason is straightforward: Adeyemo's original discovery request was for financial records *and* cell phone records.⁸ And the Court's original order granting the request was for

---

³ Doc. 265 at 2 (quoting Doc. 262 at 2).

⁴ Doc. 275.

⁵ Docs. 274 and 281.

⁶ Doc. 283 at 4.

⁷ *Id.* at 3–4.

⁸ Doc. 247 at 8–9.

2

financial records *and* cell phone records.⁹ Things got sidetracked when Hettich challenged whether he should have to produce his financial records (although he also objected to producing his cell phone records),¹⁰ and that is what the majority of the briefing and oral argument related to,¹¹ but at no point did the Court ever rescind its order requiring Hettich to *also produce* the cell phone records/provide the name(s) of his cell phone provider(s) in order to send it/them a subpoena(s) duces tecum.

Given this, Michael Adeyemo requests the Court amend its August 19, 20205 order to require Hettich to produce his cell phone provider(s)/cell phone records in the same manner it has required Hettich to produce his financial documents.

Date:  August 28, 2025

Respectfully submitted,

Dane DeKrey (#09524)
**RINGSTROM DEKREY PLLP**
814 Center Avenue, Suite 5
Moorhead, MN  56560-0853
(218) 284-04848
dane@ringstromdekrey.com

---

⁹ Doc. 265 at 2.

¹⁰ Doc. 278 at 9 ("Counsel asks the Court to deny Mr. DeKrey's motion to compel, deny his request for a hearing, *and vacate its prior order compelling discovery*.") (emphasis).

¹¹ Docs. 274, 275, 278, 279, 280.